SullivaN, J.
This was an action of debt for the escape of one Thomas Miranda arrested by the defendant, who *was the sheriff of the county of Scott, on a ca. sa., at the suit of the plaintiff. The declaration was in the usual form. The defendant pleaded three pleas. The *31 third plea was founded on the 18th section of the execution law, Rev. Stat., 1888, p. 281, and states that Miranda being-in the custody of the defendant by virtue of a ca. sa.,made oath before .7. W. Reed, a justice of the peace of Scott county, that he had no property, real or personal, subject to execution, and no rights, credits, moneys, or effects in his possession or under his control, &c.; that he had not either directly or indirectly disposed of, transferred, or concealed any of his property, &c., with intent to defraud his creditors; that previous to administering said oath, the plaintiff not being a resident of the county, the defendant posted up in the clerk’s office of said county a written notice of the time and place of administering it; that he thereupon discharged said Miranda as he lawfully might, &c. The plaintiff filed a general demurrer to the plea, which was overruled by the Court. The defendant thereupon withdrew his first and second pleas, and final judgment was given for the defendant.
The'only question in the case is as to the sufficiency of the third plea.
The defendant having arrested Miranda, was bound to keep him safely until discharged by due course of law. One of the modes by which a debter arrested on a ca. sa. may be legally discharged, is pointed out in the statute on which the defendant relies.
The statute makes it the duty of the sheriff or other officer making the arrest, to give notice to the plaintiff, his agent, or attorney, of the time and place of taking the oath, and of the person before whom the oath is intended to be taken. If neither the plaintiff, his agent, or attorney reside in the county, “ such notice” shall be posted up in the clerk’s office.
The plea is defective, because it does not show that the notice required by the statute was given by the defendant. The plea avers that the plaintiff in execution was not a resident of the county, and that notice of the time and place of taking the oath was posted up in the clerk’s office. The plaintiff, though he did not reside in the county, may have had an agent or attorney residing there. If he had, the *32 notice should have been served upon him ;t if he had not, the *plea should have shown it. The notice was insufficient also, because it did not inform the plaintiff before whom the oath would be taken. The statute expressly requires that the notice shall contain that information.
M. G. Bright and G. Robinson, for the plaintiff'.
J. G. Marshall, for the defendant.
The statute referred to provides for the discharge of a debtor by a short and summary proceeding, and to guard against fraud, it is necessary that all its requirements be observed.
The Court erred in overruling the demurrer to the plea.
Per Curiam.—The judgment is reversed and the proceedings subsequent to the demurrer set aside, with costs. Cause remanded, &c.